IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01066-REB-NYW

JAMES VAUGHN,

Plaintiff,

v.

SAFEWAY, INC.,

Defendant.

_____

ORDER ON PLAINTIFF'S MOTION TO COMPEL F.R.C.P. 30(b)(6) DEPOSITION OF DEFENDANT AND MOTION TO COMPEL DEPOSITIONS
_____

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff James Vaughn's Motion to Compel F.R.C.P. 30(b)(6) Deposition of Defendant ("Motion to Compel Rule 30(b)(6) Deposition"). [#64, filed February 4, 2015]. Also before the court is Plaintiff's Motion to Compel Depositions ("Motion to Compel Depositions"). [#67, filed February 6, 2015]. These matters were referred to this Magistrate Judge pursuant to the Order Referring Case dated April 15, 2014 [#5] and memoranda dated February 5, 2015 [#65] and February 6, 2015 [#68], respectively. This court has carefully considered the Motions and related briefing, the entire case file, the arguments offered by the parties during the February 27, 2015 Motions Hearing, as well as applicable case law. For the following reasons, the Motion to Compel Rule 30(b)(6) Deposition is GRANTED IN PART, and DENIED IN PART, and the Motion to Compel Depositions is DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff James Vaughn ("Plaintiff" or "Mr. Vaughn") asserts that Defendant Safeway, Inc. ("Defendant" or "Safeway") unlawfully discriminated against him on account of disability

in dismissing him from his position of store manager. [#42, #77]. It is undisputed that Mr. Vaughn has been reinstated to his former position as of May 2014. [#17, at 9].

On June 26, 2014, Magistrate Judge Boland issued a Scheduling Order designating January 30, 2015 as the date by which the parties must complete discovery, and February 27, 2015 as the date by which to file dispositive motions. [#17]. On January 22, 2015, the parties filed a Stipulated Motion for Extension of the Discovery Deadline. [#58]. The court denied this Motion on January 26, 2015, subject to a renewed motion that addressed the deadline for filing dispositive motions. [#60]. The parties filed a second Stipulated Motion the following day seeking to extend the deadline to complete discovery to March 2, 2015 and the deadline for filing dispositive motions to March 29, 2015. [#61]. The court granted this Motion on January 28, 2015. [#63]. This action was reassigned to the undersigned Magistrate Judge for pretrial matters on February 10, 2015. [#69].

On February 4, 2015, Plaintiff filed the pending Motion to Compel Rule 30(b)(6) Deposition. [#64]. Two days later, Plaintiff filed the pending Motion to Compel Depositions. [#67]. Defendant responded to these Motions in a single brief filed February 24, 2015. [#79]. On February 27, 2015, the court held a hearing on these Motions, at which both motions were taken under advisement. [#80]. The court further ordered counsel to meet and confer regarding the Motion to Compel Rule 30(b)(6) Deposition and file a status report as to their efforts and pending issues by March 3, 2015. [*Id.*]. Counsel for Plaintiff filed his Status Report on the designated date indicating that he and defense counsel could not overcome their impasse. [#81].

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description,

nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty,* 204 F.R.D. 679, 689-90 (D. Kan. 2001). However, all discovery is subject to the proportionality limitations imposed by Rule 26(b)(2)(C). *See* Fed. R. Civ. P. 26(b)(1). Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, it "must limit the frequency or extent of discovery" under certain circumstances. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). It is incumbent upon the court to consider how much discovery is reasonable in a given case in light of the claims and defenses asserted, the significance of the discovery sought to the propounding party, and the costs and burden to the producing party. *See id.* The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colo.,* 220 F.R.D. 354, 359 (D. Colo. 2004) (citations omitted). The Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1) directs courts to involve themselves in discovery disputes to determine whether discovery is relevant to the parties' claims or defenses, and if not, to determine whether "good cause exists for authorizing it so long as it is relevant to the subject matter of the action."

The Scheduling Order entered June 26, 2014, provides that each party is limited to ten depositions. [#17] That Order reflects Plaintiff's intention to depose Kurt Lawrence, Serena Bernstein, Roxy Lewis, Kenny Smith, and a Rule 30(b)(6) corporate representative of Defendant. *Id.* Prior to the filing of the Motions, Plaintiff deposed five Safeway employees: Denver Division Human Resources Director Debbie Portwood, Denver Division Human Resources Manager Roxy Lewis, former Denver Division Human Resources Representative Serena Bernstein, Safeway Workers' Compensation Claims Adjuster Kurt Lawrence, and District Manager for the Colorado Springs District Shirley Barela. [#79 at 3].

On January 5, 2015, Plaintiff's counsel, Mr. Thigpen, emailed defense counsel, Mr. Eurich, requesting to depose Kenny Smith, William Harris, Stacy Solorio, Dian Emerson, and Rule 30(b)(6) representatives. [#67 at 5]. Mr. Eurich responded that he would not make Mr. Harris, Safeway's in-house counsel, available on the basis of attorney-client privilege, he would not make Ms. Solorio or Ms. Emerson available on the basis of relevance and duplicative testimony, and he would require a Rule 30(b)(6) notice of proposed deposition topics prior to making a corporate representative available. [#67-1 at 3-4].[1]

On January 13, 2015, Mr. Thigpen provided Mr. Eurich with a Notice of Rule 30(b)(6) Deposition of Defendant (the "Notice"). [#64-1 at 4-16; #64 at 5]. The Notice spanned eleven pages and listed twelve topics, each with multiple sub-parts. [#64-1 at 10-15]. Mr. Eurich declined via email to make a corporate representative available, writing that he could not identify a topic in the Rule 30(b)(6) Notice "about which you haven't already asked multiple witnesses or submitted multiple interrogatories or document requests. Quite simply, there are no new

---

[1] Plaintiff deposed District Manager Kenny Smith on February 19, 2015. [#79 at n. 2].

witnesses whom I would or could identify on any of your 30(b)(6) topics whom you haven't already exhaustively deposed." [#64-1 at 17].

### A. Motion to Compel Rule 30(b)(6) Deposition

Mr. Vaughn claims he requires a deposition of Safeway's corporate representative because the testimony elicited in the previous six depositions of Safeway employees is contradictory. Safeway argues that Mr. Vaughn is not entitled to a Rule 30(b)(6) Deposition because it would be entirely duplicative of those six previous depositions. During the oral argument, the court indicated that it was inclined to allow Mr. Vaughn to pursue a deposition of a corporate designee of Safeway, but to the extent that Safeway intended to be bound by the testimony of an employee whose deposition had already been taken, the Parties should confer and attempt to focus the Rule 30(b)(6) deposition on gaps between prior depositions that Safeway identified as binding the company and outstanding issues. The court then ordered the Parties to file a Joint Status Report after their meet and confer. [#80].

This court notes some concern regarding counsel's efforts to comply with the February 27, 2015 Order. The correspondence attached to the Status Report does not identify whether Safeway identified to Mr. Vaughn any deponents whose testimony affirmatively bound the corporation on specific topics. Nor does the Status Report reflect any rigorous attempt by counsel to actually discuss whether any agreement could be reached as to the scope of the Rule 30(b)(6) topics. The court ordered the Parties to confer, which means "to hold a conference; compare views; consult together." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (citing *The American Heritage Dictionary of the English Language* 278-79 (9th ed. 1971). The analogous language of Local Rule 7.1(a) has been interpreted to mean "holding a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and by comparing views and attempting to reach

an agreement, including by compromise if appropriate." *See Cunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538-REB-KLM, 2008 WL 2247860, at *1 (D. Colo. May 29, 2008). The court directed the responsibility to meet and confer to both Parties – and the resulting exchange of electronic mail simply reiterating the Parties' respective positions does not amount to a meaningful meet and confer.

As reflected in the Advisory Committee Notes to the 1970 Amendments to Rule 30, Rule 30(b)(6) was intended not only to avoid the situation in which multiple witnesses from the same organization claim lack of knowledge, thus leaving the other party with no testimony binding the corporation, but also to prevent unnecessarily large numbers of corporate officers and agents from being deposed. Fed. R. Civ. P. 30 Advisory Committee's Note (1970). The practical consequence of the Parties' failure to meet and confer in a meaningful manner is that this court cannot determine whether the noticed Rule 30(b)(6) topics are duplicative of the deposition testimony already taken to which Safeway has agreed to be bound as a corporate designee, or whether the previous testimony should be sufficient for Plaintiff's purposes. Safeway's arguments set forth in its Opposition and the attached exhibits are insufficient to establish its position that the requested Rule 30(b)(6) deposition is cumulative of other depositions or its discovery responses. This court's examination of the Federal Rules did not reveal any authority to suggest that a party's responses to interrogatories *per se* obviate the other party's prerogative to seek a deposition under Rule 30(b)(6). And while the court acknowledges that some of Mr. Vaughn's deposition topics overlap with other discovery requests made in this case, a review of Safeway's written discovery responses to Interrogatory Nos. 1, 4, 7, and 17 [#79, at 7-8], reveals that they are not so exhaustive as to preclude Mr. Vaughn from seeking additional information from a corporate designee.

Because permissible discovery need only appear to be reasonably calculated to lead to the discovery of admissible evidence, and it is unclear what testimony to date binds Safeway, the court accepts Mr. Vaughn's assertion that he requires additional information related to Safeway's <u>corporate</u> position regarding his allegations that Safeway knowingly discriminated against him based on his disability and that Safeway retaliated against him, as part of a greater pattern and practice, for filing a worker's compensation claim.  Against this context, the court considers whether the topics set forth in Mr. Vaughn's Rule 30(b)(6) Deposition Notice [#81-1 at 15] are proportional to the scope of this case.

Based on the record before it, the court hereby FINDS that Mr. Vaughn may take a Rule 30(b)(6) deposition on the following topics, as amended by the court:

(1) **Topic 1:**  Accommodations requested, discussed, given, not given, and the rationale for such, as it concerns Mr. Vaughn from May of 2011 until his reinstatement;

(2) **Topic 5:**  Facts and support for Safeway's Affirmative Defense Number 5, and how such applies to Mr. Vaughn's case;

(3) **Topic 6:**  Facts and support for Safeway's Affirmative Defense Number 12, and how such applies to Mr. Vaughn's case;

(4) **Topic 7:**  Factual support of Safeway's claim that there was an actual economic cost, not book entry, to allow Mr. Vaughn to delegate certain job functions from May of 2011 until his reinstatement, including what employee received the delegation, what delegation occurred, and how SAFEWAY001549-001614 demonstrate such;

(5) **Topic 8:**  The underlying economic data for the creation of SAFEWAY001549-001614, the location of such data, and who created such data.

.

The Motion to Compel Rule 30(b)(6) Deposition is DENIED as to all other matters, as cumulative to other topics propounded either through written discovery or permitted Rule 30(b)(6) topics. In addition, given the impending deadlines in this case, the court *sua sponte* extends the discovery deadline to March 30, 2015 only to permit the Rule 30(b)(6) deposition of Safeway on these topics and extends the deadline for filing dispositive motions up to and including April 14, 2015. However, in light of the fact that trial begins in this matter on June 1, 2015, the briefing schedule for dispositive motions is contracted as follows: Responses due April 29, 2015, and Replies due May 11, 2015.

**B.      Motion to Compel Depositions**

Plaintiff claims he is entitled to take the depositions of Mr. Harris, Ms. Solorio, and Ms. Emerson because he is allowed up to ten depositions pursuant to the Scheduling Order and the topics he wishes to present in the depositions are relevant to the claims and defenses of the case. Defendant argues that Mr. Harris should not be produced for a deposition because he is managing this action for Safeway and all communications regarding Plaintiff's termination and eventual return to work are protected by attorney-client privilege. Defendant further argues that Plaintiff has not demonstrated that no other means exist to obtain the information except to depose Mr. Harris or that the information is crucial to the preparation of the case, as discussed in *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000) (citing *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1326 (8th Cir. 1986). [#79 at 13-14]. Defendant next argues that Ms. Emerson and Ms. Solorio have left the employ of Defendant, and are furthermore without any personal knowledge of Plaintiff or the circumstances surrounding his termination and reinstatement. [#79 at 16].

At oral argument, counsel for Plaintiff concurred that the topics to be posed to these three individuals could be subsumed by a Rule 30(b)(6) deposition. Having granted Plaintiff's request to proceed with such deposition, the court hereby DENIES the motion to compel the individual depositions of Mr. Harris, Ms. Solorio, and Ms. Emerson. Nothing in this Order will preclude Safeway from designating these individuals as corporate designees, if appropriate.

## CONCLUSION

For the reasons set forth herein, IT IS ORDERED:

(1) The Motion to Compel Rule 30(b)(6) Deposition [#64] is GRANTED IN PART and DENIED IN PART as specified above;

(2) The court *sua sponte* EXTENDS the discovery deadline to March 30, 2015, only for the purpose of taking the Rule 30(b)(6) deposition of Defendant, and the deadline for filing dispositive motions up to and including April 14, 2015, with Responses due April 29, 2015 and Replies due May 11, 2015;

(3) All other deadlines set by the court, including but not limited to those before District Judge Blackburn REMAIN SET;

(4) The Motion to Compel Depositions [#67] is DENIED; and

(5) All other requests are DENIED.

DATED:  March 18, 2015                                    BY THE COURT:

                                                          s/Nina Y. Wang_____
                                                          United States Magistrate Judge