`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01066-REB-NYW

JAMES VAUGHN,

    Plaintiff,

v.

SAFEWAY, INC.,

    Defendant.

___

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___

Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff James Vaughn's Amended Motion for Partial Summary Judgment on Liability ("Motion for Partial Summary Judgment"). [#101, filed April 24, 2015]. This matter was referred to this Magistrate Judge pursuant to the Order Referring Case dated April 15, 2014 [#5] and memorandum dated April 28, 2015 [#102]. This court has carefully considered the Motion and related briefing, the entire case file, the arguments offered by the parties during the August 21, 2015 Motion Hearing, as well as applicable case law. For the following reasons, this court respectfully RECOMMENDS that the Motion for Partial Summary Judgment be DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff James Vaughn ("Plaintiff" or "Mr. Vaughn") initiated this lawsuit on April 14, 2014 asserting that Defendant Safeway, Inc. ("Defendant" or "Safeway") unlawfully discriminated against him on account of age and disability in dismissing him from his position of store manager in violation of state and federal law. [#1]. [#42, #77]. Safeway filed an Answer

on May 27, 2015. [#14]. On October 14, 2014, with leave of court, Mr. Vaughn filed an Amended Complaint [#42] asserting the following claims: (1) Liability for Violation of State Law Public Policy [#42 at 11]; (2) Violation of State Law Disability Discrimination, C.R.S. § 24-34-402 [#42 at 13]; (3) Age Discrimination Under State Law, C.R.S. § 24-34-402 [#42 at 15]; (4) Disability Discrimination under Federal Law, 42 U.S.C. § 12101, *et seq.* [#42 at 16]; and (5) Age Discrimination under Federal Law, 29 U.S.C. § 621 [#42 at 19]. Safeway filed an Answer to the Amended Complaint on October 17, 2014. [#44].

On June 26, 2014, Magistrate Judge Boland issued a Scheduling Order designating January 30, 2015 as the date by which the parties must complete discovery, and February 27, 2015 as the date by which to file dispositive motions. [#17]. On January 22, 2015, the parties filed a Stipulated Motion for Extension of the Discovery Deadline. [#58]. The court denied this Motion on January 26, 2015, subject to a renewed motion that addressed the deadline for filing dispositive motions. [#60]. The parties filed a second Stipulated Motion the following day seeking to extend the deadline to complete discovery to March 2, 2015 and the deadline for filing dispositive motions to March 29, 2015. [#61]. The court granted this Motion on January 28, 2015. [#63]. This action was reassigned to the undersigned Magistrate Judge for pretrial matters on February 10, 2015. [#69].

On February 18, 2015, Mr. Vaughn filed an Unopposed Motion to Voluntarily Dismiss Age Discrimination Claims Asserted Under the Third and Fifth Claims for Relief [#73], which the court granted on February 20, 2015 [#77], leaving at issue: the First Claim for Liability for Violation of State Law Public Policy; Second Claim for Violation of State Law Disability Discrimination, C.R.S. § 24-34-402; and Fourth Claim for Disability Discrimination under Federal Law, 42 U.S.C. § 12101, *et seq.*. On March 18, 2015, this court extended the deadline

for completing discovery to March 30, 2015 and the deadline for filing dispositive motions to April 14, 2015. [#85].

Safeway filed its Motion for Summary Judgment on April 14, 2015. [#95]. Mr. Vaughn filed a Motion for Partial Summary Judgment the same day [#96], and two days later filed an Unopposed Motion to Amend the Motion for Partial Summary Judgment [#97]. The court granted the Motion to Amend [#100], and Plaintiff filed the pending Amended Motion for Partial Summary Judgment on April 24, 2015 [#101]. Safeway filed a Response on April 29, 2015 [#104], and Mr. Vaughn filed a Reply on May 11, 2015 [#111, #112]. On August 21, 2015, this court held a Motion Hearing on the Motion for Partial Summary Judgment. At the hearing, counsel for each of the Parties argued that there are no undisputed facts, but disagreed as to the legal conclusion to be drawn from the undisputed facts. At the conclusion of the hearing, the undersigned took the Motion under advisement. [#126].

## STATEMENT OF UNDISPUTED FACTS

Safeway hired Mr. Vaughn on September 6, 2007 to begin working as a Store Manager on September 17, 2007. [#101-1 at 1]. On May 14, 2011, Plaintiff, while serving in his capacity as Store Manager, suffered an injury to his back. [#101-1 at 2]. That month, Safeway revised Plaintiff's job description in relevant part as follows:

> Delegates to subordinates when appropriate, discusses and collaborates with supervisors when necessary…Frequently lifts up to 20 lbs. Occasionally 21-49 lbs. Rarely over 50 lbs. Occasionally push/pulls up to 75-`00 lbs…Constant knee to shoulder reaching. Occasional overhead and at or above shoulder level reaching. Occasional knee to floor reaching. Occasional sitting while on job. Constant standing while on job. Constant walking while on job. On tile, cement, asphalt. Rarely [required to climb/balance], may use ladder or stepstool to change signs or access roof. May need to climb stairs to second floor break

3

      room/offices/restrooms. Frequent neck rotation and bending of head. Frequent bending/stooping, twisting, crouching, squatting, and kneeling…[1]

[#101-1 at 7-9][2].

From October 25, 2011 through August 7, 2012, Mr. Vaughn visited his physician on multiple occasions and at each visit received a Physician Work Activity Status Report outlining his work restrictions as "no lifting over 20 lbs. and no pushing and/or pulling over 40 lbs. of force." [#101-1 at 10-17]. On several occasions during this time Plaintiff was restricted to no bending more than four times an hour [*id.* at 12, 16, 17], no bending more than once an hour [*id.* at 14], and "sitting 50% of the time" [*id.* at 14]. On October 25, 2012, Plaintiff's physician determined that he was at maximum medical improvement ("MMI") with "14% whole person impairment," permanent work restrictions of not lifting more than 20 pounds, not pushing or pulling more than 40 pounds, and avoiding repetitive bending at the waist. [#101-1 at 19].

Kurt Lawrence, the worker's compensation adjustor for Safeway, received the MMI report on the morning of November 1, 2012. [#101-1 at 20]. That same day, following a meeting at which he discussed Plaintiff's MMI report with a group of Safeway human resources representatives, including Serena Bernstein, Roxanne Lewis, and Debbie Portwood, Safeway placed Mr. Vaughn on a medical leave of absence effective immediately. [#101-1 at 21-23; #95-1 at 51:1-3]. Ms. Bernstein informed Plaintiff that he had been placed on an indefinite leave of absence because he was at MMI and could not perform the normal and customary functions of the Store Manager role. [#101-2 at 11:1-16]. Mr. Lawrence also mailed Plaintiff a letter

---

[1] "Constant" is defined as "over 67% of the time"; "Frequently" is defined as "up to 66% of the time"; "Occasional" is defined as "up to 33% of the time"; "Rarely" is defined as "less than 10% of the time." [#101-1 at 9].

[2] For the purposes of this Recommendation, this court cites to the ECF document number and page number for reference to non-testimonial evidence, and cites to the ECF document number and transcript page and line for reference to deposition testimony.

informing him of the medical leave of absence. [#101-3 at 1]. Safeway understood that Plaintiff's permanent restrictions qualified him as a person with a disability under the Americans with Disabilities Act. [#101-4 at 53:5-8].

On February 21, 2013, Mr. Vaughn's physician determined that, despite the earlier medical report, he had not yet reached MMI. [#101-4 at 5]. Many months later, on December 5, 2013, Plaintiff was found to have reached MMI with 18% whole person impairment. [*Id.* at 6]. Safeway scheduled a second, independent examination of Plaintiff and the physician's report was completed in April 2014. The report determined that Plaintiff remained at MMI and "did not require further active medical treatment, diagnostics, or maintenance care," and the physician issued work restrictions that were less restrictive than those previously assigned. [#95-1 at 131:12-24, 132:5-12; #95-3 at 6-14].

On April 10, 2014, Safeway representatives met with Plaintiff to discuss the accommodations that he required to return to work as Store Manager. [#101-4 at 74:4-21; *see* #101-4 at 43]. Safeway, through Ms. Portwood, mailed Plaintiff a letter on April 24, 2014, noting that Plaintiff's restrictions were to not work longer than ten-hour shifts and to not continuously lift weight greater than 20 pounds. [#101-4 at 43]. Ms. Portwood also informed Plaintiff that since he had reached MMI with permanent restrictions, Safeway would not provide the previous accommodation of allowing him to "charge off 20 hours per week to have someone assist [him] with [his] work," because such an accommodation was unreasonable on an indefinite basis. [*Id.*]

It is undisputed that Mr. Vaughn has been reinstated to his former position as of May 2014. [#17 at 9]. Since Plaintiff's return as a Store Manager, Safeway has not accommodated

any medical restrictions or charged off any of Mr. Vaughn's time. [#95-9 at 21:10-12; #95-8 at 46:21-23; #95-1 at 133:20-23].

## STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Com*, 391 U.S. 253, 289 (1968)).

In reviewing a motion for summary judgment, the court views all evidence in the light most favorable to the non-moving party. *See Garrett v. Hewlett-Packard Co.,* 305 F.3d 1210, 1213 (10th Cir. 2002). Under Rule 56(c), the moving party bears the initial burden of presenting

evidence to show the absence of a genuine issue of material fact. *Trainor v. Apollo Metal Specialties, Inc.,* 318 F.3d 976, 979 (10th Cir. 2003). In this circuit, "[t]he moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment." *Id.* (quoting *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir. 1991)) (internal quotation marks omitted). Once this burden is met, Rule 56(e) requires the non-moving party to set forth specific facts showing there is a genuine issue for trial. *Id.* (citing *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996). *See also Kannady v. City of Kiowa*, 590 F.3d 1161, 1168-69 (10th Cir. 2010). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything…[and] the nonmoving party may defeat the motion for summary judgment without producing anything." *Trainor*, 318 F.3d at 979 (quoting *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102 (9th Cir. 2000)).

The fact that Safeway has filed a Motion for Summary Judgment [*see* #95], and counsel represented at oral argument that there were no genuine issues of material fact, does not change the standard. It is well-recognized in the Tenth Circuit that, "because the determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a *prima facie* case or to establish a genuine issue of material fact, cross-motions for summary judgment must be evaluated separately." *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000). Therefore, the outcome of this Recommendation does not require the grant of Safeway's Motion for Summary Judgment that is not before this undersigned Magistrate Judge. *See Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, Civil Action No. 08-cv-02750-MSK-KMT, 2010 WL 3777303, at *2 (D. Colo. Sept. 19, 2010).

**ANALYSIS**

**I.  Americans with Disabilities Act**

The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), prohibits "discriminat[ion] against a qualified individual on the basis of disability," including by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. §§ 12112(a) and (b)(5)(A). Similarly, the Colorado Anti-Discrimination Act ("CADA") states that it is discriminatory:

> For an employer to refuse to hire, to discharge, to promote or demote…or to discriminate in matters of compensation, terms, conditions, or privileges of employment against any person otherwise qualified because of disability…but, with regard to a disability, it is not a discriminatory or an unfair employment practice for an employer to act as provided in this paragraph (a) if there is no reasonable accommodation that the employer can make with regard to the disability, the disability actually disqualifies the person from the job, and the disability has a significant impact on the job.

Colo. Rev. Stat. § 24-34-402(1)(a).

To establish a *prima facie* case of discrimination under the ADA, Plaintiff must demonstrate (1) that he is disabled within the meaning of the ADA; (2) that he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) that he was discriminated against because of his disability. *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014) (quoting *EEOC v. C.R. England, Inc.,* 644 F.3d 1028, 1037–38 (10th Cir. 2011)). The burden shifting analysis established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) generally applies to ADA disparate treatment claims. *See Hardy v. S.F. Phosphates Ltd. Co.,* 185 F.3d 1076, 1079 (10th Cir. 1999). Under that analysis, if plaintiff establishes a *prima facie* case, the burden shifts to the defendant to offer a

legitimate nondiscriminatory reason for its employment decision.  *Id.*  If the defendant articulates a nondiscriminatory reason, the burden shifts back to plaintiff to show a genuine issue of material fact as to whether the defendant's reason for the adverse employment action is pretextual.  *Id.* at 1079–1080.

If, as here, "the employer admits that the disability played a prominent part in the decision…the burden-shifting framework may be unnecessary and inappropriate." *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 n.3 (10th Cir. 1997) (citing *White v. York Int'l Corp.,* 45 F.3d 357, 361 n.6 (10th Cir. 1995)).  Instead, Safeway may defend its decision to place Mr. Vaughn on an indefinite medical leave of absence on the ground that he was not otherwise qualified for the Store Manager position, without or without reasonable accommodation.  *See Davidson v. American Online, Inc.*, 337 F.3d 1179, 1189 (10th Cir. 2003).  Whether a statutorily disabled plaintiff is "otherwise qualified" to perform the job, with or without reasonable accommodation, is "a factual dispute that is resolved through traditional methods of proof."  *Id.* (citing *Monette v. Electronic Data Systems Corp.,* 90 F.3d 1173, 1182 (6th Cir. 1996)).

The ADA defines "qualified individual" as one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  The rules implementing CADA define a person otherwise qualified as "a person with a disability who, with reasonable accommodation, can perform the essential functions of the job in question." *Ward v. Department of Natural Resources*, 216 P.3d 84, 92 (Colo. App. 2008) (quoting CRC Rule 60.2(B)).  The Tenth Circuit applies the following two-part test to determine if an individual is qualified under the ADA: whether the individual can perform the essential functions of the job; and, only upon determining that the individual is unable to perform the essential functions of the job, whether any reasonable

accommodation by the employer would enable him to perform those functions. *Davidson*, 337 F.3d at 1190 (citing *Aldrich v. Boeing Co.,* 146 F.3d 1265, 1271 (10th Cir. 1998)). The CADA is "substantially equivalent" to the ADA, and whenever possible, the CADA should be interpreted consistently with the ADA. *Tesmer v. Colo. High Sch. Activities Ass'n,* 140 P.3d 249, 253 (Colo. App. 2006) (citing Colo. Div. Civil Rights Rule 60.1(B) and 60.1(C)).

The term "essential function" is defined as "the fundamental job duties of the employment position the individual with a disability holds or desires." 29 C.F.R. § 1630.2(n)(1). "Determining whether a particular function is essential is a factual inquiry." *Davidson*, 337 F.3d at 1191. "Evidence considered in determining whether a particular function is essential includes: (1) the employer's judgment as to which functions are essential; (2) written job descriptions prepared before advertising or interviewing applicants for the job; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the incumbent to perform the function; and (5) the work experience of past incumbents in the job. *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004) (citing 29 C.F.R. § 1630.2(n)(3)). Once the employer provides evidence that an element of a job is essential, the plaintiff must provide sufficient evidence to rebut that conclusion. *Ingerson v. Healthsouth Corp.*, 139 F.3d 912, 4 (10th Cir 1998) (citing *Milton v. Scrivner, Inc.,* 53 F.3d 1118, 1124 (10th Cir. 1995)).

There is no dispute that the job description for Store Manager included frequent lifting up to twenty pounds, occasional lifting up to fifty pounds, occasional pushing and/or pulling up to 75-100 pounds, constant reaching "knee to shoulder," occasional reaching above shoulder and overhead, occasional reaching from "knee to floor," and occasional sitting. [#101-1 at 7-9]. There is also no dispute that a physician determined as of October 25, 2012, Mr. Vaughn had reached maximum medical capacity with permanent work restrictions of not lifting more than

twenty pounds, not pushing or pulling more than forty pounds, and "avoiding repetitive bending at the waist." [#101-1 at 19]. Plaintiff asserts that "[n]owhere in the job description does Defendant identify a job function as essential." [#101 at 3, ¶ 4]. Safeway argues that the job description "states sixteen job duties and physical demands, all of which constitute essential functions of the Store Manager position." [#104 at 2, ¶ 4]. Section 12111(8) instructs that "consideration shall be given to the employer's judgment as to what functions of a job are essential," and a written description of the position "shall be considered evidence of the essential functions of the job." 42 U.S.C. § 12111(8). However, "an employer may not turn every condition of employment which it elects to adopt into a job function, let alone an essential job function, merely by including it in a job description." *Davidson*, 337 F.3d at 1191 (quoting *Echazabal v. Chevron USA, Inc.,* 226 F.3d 1063, 1071 (9th Cir. 2000) *rev'd on other grounds,* 536 U.S. 73 (2002)).

Ms. Bernstein testified that she, Ms. Portwood, Ms. Lewis, and Kenny Smith, Plaintiff's supervisor, decided to place Plaintiff on medical leave because she "didn't believe that with his restrictions at that time, that he could perform the essential functions of the store manager position." [#104-1 at 2]. Mr. Smith testified that following the accident, a certain amount of Mr. Vaughn's time at work was "charged off because he was incapable of doing his job," that "he had trouble walking his store…and…he couldn't move around." [#95-5 at 97:15-19, 120:8-12]. In considering whether a job requirement is a necessary requisite to employment, the court should focus on whether the employer actually requires employees of that position to satisfy the requirement. *Davidson*, 337 F.3d at 1191. Mr. Smith testified in his capacity as Defendant's corporate representative that the Denver division had an operational policy requiring store managers to scan "out-of-stocks," and that Mr. Vaughn was unable to complete this task. [#95-6

11

at 36:19-37:8, 38:18-39:6, 40:24-42:11]. Indeed, Mr. Vaughn testified that "the biggest demanding task [of the store manager position] is to be on your feet most of the day. Counting out-of-stocks, bending and stooping and stuff like that." [#95-1 at 57:19-25]. Mr. Vaughn has not provided sufficient evidence to rebut Safeway's contention that the physical, lifting and mobile demands of the Store Manager position were essential functions of the job.

Accordingly, Plaintiff has not met his burden of demonstrating that no genuine issue of material fact exists as to what job functions were essential to the Store Manager position. This dispute forecloses the court from determining whether consideration of the second prong of the analysis, whether Plaintiff could perform the essential duties of the Store Manager position, is appropriate.

## II.     State Law Public Policy

Mr. Vaughn claims that Safeway constructively discharged his employment "in removing him from employment as a Store Manager, sending him home, and refusing to pay him his routine salary and benefits," in contravention of Colorado public policy that "prohibits an adverse employment action for making a worker's compensation claim or seeking worker's compensation benefits." [#42 at 11-12].

Mr. Vaughn asserts that this claim requires he show: (1) that he was employed by Safeway; (2) Safeway discharged him; and (3) he was discharged for exercising a job-related right or privilege to which he was entitled. [#101 at 19]. Safeway argues that Plaintiff was never discharged; he was simply placed on a leave of absence. Mr. Smith testified that he told Plaintiff, "You're not being terminated. This is not a termination. You're just being pulled off the job right now." [#95-5 at 111:21-24]. Ms. Bernstein testified that "[Plaintiff] had a job with Safeway [on November 2, 2012]…He was on a medical leave of absence. He wasn't out of a

12

job." [#101-2 at 20:18-25]. Plaintiff argues that the leave of absence amounted to a constructive discharge, but cites no authority to support that contention. "[T]he question on which constructive discharge cases turn is simply whether the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." *James v. Sears, Roebuck and Co., Inc.*, 21 F.3d 989, 992-93 (10th Cir. 1994) (quoting *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1154 (10th Cir. 1990) (internal quotation marks and citation omitted)). However, Mr. Vaughn did not resign. He remained on medical leave for thirteen months during which he received over $50,000 in worker's compensation benefits. [#104 at 19; #101-4 at 6]. Accordingly, Plaintiff has not satisfied his burden of demonstrating that no material issue of fact exists as to the claim for violation of Colorado public policy.

## CONCLUSION

For the reasons set forth herein, this court respectfully RECOMMENDS that the Motion for Partial Summary Judgment [#101] be DENIED.[3]

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to

DATED:  September 14, 2015				BY THE COURT:

					s/Nina Y. Wang
					United States Magistrate Judge

---

appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).