**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-01066-REB-NYW

JAMES VAUGHN,

      Plaintiff,

v.

SAFEWAY, INC.,

      Defendant.

---

**ORDER CONCERNING MOTIONS TO EXCLUDE OPINION TESTIMONY**

---

**Blackburn, J.**

      The matters before me are (1) **Defendant's Motion To Exclude Testimony of Rita Laitres** [#93][1] filed March 31, 2015; and (2) **Plaintiff's Motion *In Limine* To Exclude Non-Disclosed Expert Testimony or Other Opinion Testimony** [#114] filed May 15, 2015.  Responses [#99 & #121] to each motion were filed.  A reply[#122] in support of [#114] also was filed.  I deny both motions.[2]

## I. JURISDICTION

      I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and § 1332 (supplemental).

---

[1]   "[#93]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2]   The issues raised by and inherent to both motions are briefed adequately, obviating the necessity for a ***Daubert*** hearing.  Thus, the motions are submitted on the papers.

## II.  STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of

expert witness testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  The Supreme Court of the United States has described the role of a

court in weighing expert opinions against these standards as that of a "gatekeeper."

*See Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137,147(1999).

As interpreted by the Supreme Court, Rule 702 requires that the testimony of an

expert be both reliable, in that the witness is qualified to testify regarding the subject,

and relevant, in that it will assist the trier in determining a fact in issue.  *Daubert v.*

*Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92 (1993); *Truck Insurance*

*Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004).  The Tenth Circuit

employs a two-step analysis when considering the admissibility of expert testimony

under Rule 702.  *See 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th

Cir.2006).

The trial court has broad discretion in determining whether expert testimony is sufficiently relevant to be admissible. *See Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000). The overarching purpose of the inquiry of the court is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Goebel v. Denver and Rio Grand Western Railroad Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (quoting *Kumho Tire*, 526 U.S. at 152). However, Rule 702 is properly construed as a rule of inclusion rather than one of exclusion, and "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702, Advisory Committee Note. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595.

### III.  ANALYSIS

The plaintiff, James Vaughn, is an employee of the defendant, Safeway, Inc. In his complaint, Mr. Vaughn alleges that Safeway unlawfully discriminated against him based on his disability, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213, and related Colorado state law. The unlawful discrimination occurred, Mr. Vaughn alleges, when Safeway placed him on unpaid medical leave for about 18 months.

### A.  Rita Laitres

Safeway challenges the admissibility of the testimony of Rita Laitres, an expert designated by Mr. Vaughn. Ms. Laitres has been designated as an expert in the field of

human resources.  Her opinions concern management of employees with disabilities and whether Safeway complied with certain specific requirements of the ADA when managing Mr. Vaughn.  According to Safeway, the testimony of Ms. Laitres is not admissible under Rule 702 because: (1) she is not qualified; (2) her testimony concerns ultimate issues to be decided by the jury; (3) her testimony is not necessary for the jury to understand the ADA; and (4) her opinions are not reliable because they are not based on adequate facts and data.

1.  Qualifications - Under Rule 702, an expert may be qualified by "knowledge, skill, experience, training, or education."  Safeway contends Ms. Laitres in not qualified because she never has authored any publication in the filed of human resources or the ADA and because she never has been qualified by any court as an expert witness. Further, Safeway contends, Ms. Laitres has no training in workplace safety or vocational rehabilitation.  The resume of Ms. Laitres shows substantial training and experience in the field of human resources.  [#93-1], CM/ECF pp. 17 - 21.  In the context of this knowledge and experience, the contentions of Safeway do not show that Ms. Laitres is not qualified.

There is no legal requirement that an expert be an author of a publication in the relevant field of expertise.  Rather, published works are just one of many factors which may be considered when assessing qualifications.  There is no legal requirement that an expert have previous experience testifying as an expert witness.  Of course, such a requirement would eliminate the possibility that a person otherwise qualified as an expert ever could testify as an expert for the first time.  Prior expert testimony is just one of many factors which may be considered when assessing qualifications.  To the extent

4

workplace safety and vocational rehabilitation might be relevant to the opinions of Ms. Laitres, any lack of training and experience in these fields does not undermine fatally her qualifications.  If these topic are relevant to her opinions, then the lack of such training and experience goes to the weight to be accorded to her opinions and not to their admissibility.

2.  Ultimate Issues - Safeway objects to the opinions of Ms. Laitres that Safeway did not comply with the ADA requirement to accommodate Mr. Vaughn, failed to engage in a meaningful interactive process as required by the ADA, and engaged in discriminatory practices with reckless indifference to the federally protected rights of Mr. Vaughn.  Safeway contends it does not help the jury for an expert to state a legal standard and then draw a conclusion by applying the law to the facts.  Safeway contends these opinions are improper legal conclusions which directly track the relevant statutory and regulatory language.

Under Rule 704(a), opinion testimony "is not objectionable just because it embraces an ultimate issue."  Often, it is proper for an expert witness to refer "to the law in expressing [their] opinion."  *U.S. v. Schneider*, 704 F.3d 1287, 1294 (10th Cir. 2013) (internal quotation and citation omitted).  Concern arises when an expert uses a specialized legal term and usurps the function of the jury to determine the facts.  *Id*. However, if the jury remains free to exercise independent judgment in determining the facts and applying the law as stated by the court, the function of the jury is not usurped by the expert.  *See U.S. v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008).  An expert witness may not simply tell the jury what result it should reach based on the say-so of the expert.  *U.S. v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005).  However, an expert

may express an opinion about the relationship between specific facts in the context of specific rules if the expert also provides to the jury an explanation of the bases of the opinion. *See Id*.; *Schneider*, 704 F.3d 1287, 1293 - 1294 (10th Cir. 2013).

In her report, Ms. Laitres provides a detailed factual context and explains how those facts form the bases of her opinions concerning the ADA issues presented in this case. If her trial testimony hews to her report, as it should, there is no indication that she improperly will express an opinion on an ultimate issue or express an improper legal conclusion.

3. Need for Testimony - Safeway contends no specialized knowledge or experience is needed to determine whether the actions of Safeway violated the requirements of the ADA. Generally, the requirements of the ADA which are at issue in this case are not within the realm of common knowledge and experience. Given that fact, I conclude that expert opinion testimony likely will assist the jury in understanding the facts and issues in this case.

4. Reliability - Rule 702(c) requires that expert testimony be "the product of reliable principles and methods." Safeway contends the opinions of Mr. Laitres are not reliable because she reviewed the pleadings and several other documents, but did not gather additional information to inform her opinions. This contention implicates also the requirement of Rule 702(b) that expert opinion testimony be "based on sufficient facts and data." Safeway notes Ms. Laitres did not interview any witnesses, did not review payroll records, did not review documents showing a comparison of the results achieved in the store managed by Mr. Vaughn against the salary targets for his store, and did not review the testimony of the supervisor of Mr. Vaughn. These documents, Safeway

contends, show that the accommodation sought by Mr. Vaughn was unreasonable.

In her report, Ms. Laitres describes sufficient factual bases for her opinions. The factual bases described satisfy the sufficient facts and data requirement of Rule 702(b). Nothing else raised by Safeway tends to show that the opinions of Ms. Laitres are unreliable in violation of the reliability requirement of Rule 702(c). If Ms. Laitres failed to review relevant information, that flaw is a topic ripe for cross examination. However, in the context of her report, any such flaw does not render her opinions inadmissible. Rather, a failure to review additional relevant facts goes to the weight to be accorded her opinions and not to their admissibility.

## 2. Kenny Smith

Safeway contends the accommodation sought by Mr. Vaughn would have imposed an undue burden on Safeway because it would have imposed significant and unreasonable expense on Safeway. Kenny Smith, a Safeway employee, was the supervisor of Mr. Vaughn during a relevant period. The costs in question include the cost of permitting Mr. Vaughn to charge off a portion of his salary, as calculated in the budget of his store, and to delegate certain tasks that are part of the job of store manager to other store employees. In deposition testimony, Mr. Smith discussed the calculation of such costs. Mr. Smith has not been designated as an expert. Mr. Vaughn contends Safeway is likely to attempt to use Mr. Smith to testify about these calculations. Such calculations, Mr. Vaughn contends, constitute expert opinion testimony under Rule 702.

The parameters of the testimony that will be presented by Mr. Smith are not clearly stated in the record. Safeway says Mr. Smith will testify about facts known to

him as supervisor of Mr. Vaughn and the economic costs of the accommodations he and Safeway provided to Mr. Vaughn for more than a year before placing Mr. Vaughn on unpaid medical leave.  Those costs will be calculated, Safeway contends, using simple calculations based on the personal knowledge of Mr. Smith concerning Safeway, its records, and its operations.

If the testimony of Mr. Smith is confined to facts known to him and relevant elementary mathematical calculations, his testimony is unlikely to fall within the ambit of Rule 702.  *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (elementary mathematical calculations properly viewed as lay opinion under Rule 701 rather than expert opinion under Rule 702).  The fact that Mr. Smith described himself as an expert in labor and retail in his deposition does not mandate that his trial testimony be considered to be expert testimony.  Rather, the nature of his actual testimony controls.  The nature of his testimony will not become clear until he actually testifies.

Mr. Vaughn contends also that the testimony of Mr. Smith on this topic must be excluded under Rule 403.  Rule 403 permits the exclusion of relevant evidence when the relevance of the evidence is substantially outweighed by one or more of the six dangers specified in Rule 403.  This contention of Mr. Vaughn is based on his assertion that the testimony of Mr. Smith is expert opinion testimony which cannot properly be admitted in evidence.  As discussed above, the current record does not show that Mr. Smith will present expert opinion testimony.  On the current record, there is no basis to exclude the testimony of Mr. Smith under Rule 403.

## IV.  CONCLUSION & ORDERS

On the current record, the defendant has not shown that the proposed expert opinion testimony of Rita Laitres is inadmissible under FED. R. EVID. 702.  On the current record, the plaintiff has not shown that the testimony of Kenny Smith will include expert opinion testimony as opposed to fact testimony and, possibly, lay opinion testimony under FED. R. EVID. 701.   Further, the plaintiff has not shown that the testimony of Mr. Smith must be excluded from evidence under FED. R. EVID. 403.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion To Exclude Testimony of Rita Laitres** [#93] filed March 31, 2015, is denied; and

2. That the **Plaintiff's Motion *In Limine* To Exclude Non-Disclosed Expert Testimony or Other Opinion Testimony** [#114] filed May 15, 2015, is denied.

Dated November 20, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge