**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-01066-REB-NYW

JAMES VAUGHN,

    Plaintiff,

v.

SAFEWAY, INC.,

    Defendant.

**ORDER DENYING MOTIONS *IN LIMINE* WITHOUT PREJUDICE**

**Blackburn, J.**

This matter is before me on the following: (1) **Plaintiff's Motion *In Limine* To Exclude Introduction of Evidence and/or Elicitation of Testimony Regarding Safeway Employee Complaints, Safeway Employee Grievances, and/or Disciplinary Actions Against Plaintiff** [#113][1] filed May 15, 2015; and (2) **Plaintiff's Motion *In Limine* To Exclude Introduction of Evidence and/or Elicitation of Testimony Regarding, Relating To, and/or Relying Upon Non-Disclosed 305 Reports, Non-Disclosed CB-1 Reports, and Spreadsheets Bates-Labeled Safeway001549-001614** [#119] filed June 2, 2015. Responses [#121 & #123] and replies [#122 & #124] were filed addressing both motions. I deny the motions without prejudice.

In his motion [#113] concerning complaints and grievances, the plaintiff, James Vaughn, contends any complaints and grievances filed by employees and challenging

---

[1] "[#113]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the actions of Mr. Vaughn as a store manager are irrelevant to the factual and legal questions at issue in this case.  The complaints and grievances may or may not be relevant, but that determination cannot be made properly until the evidentiary landscape becomes clear at trial.  Similarly, the bases for admission of the spreadsheets and underlying documents also present issues which are evidence-driven and cannot be resolved until evidence is presented at trial.[2]  Obviously, no trial evidence has been presented and the manner and context in which the evidence may be brought forward therefore remains uncertain.  The issues raised in the two motions are matters that cannot be determined until the evidentiary landscape becomes clear at trial.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiff's Motion *In Limine* To Exclude Introduction of Evidence and/or Elicitation of Testimony Regarding Safeway Employee Complaints, Safeway Employee Grievances, and/or Disciplinary Actions Against Plaintiff** [#113] filed May 15, 2015, is denied without prejudice; and

2.  That the **Plaintiff's Motion *In Limine* To Exclude Introduction of Evidence and/or Elicitation of Testimony Regarding, Relating To, and/or Relying Upon Non-Disclosed 305 Reports, Non-Disclosed CB-1 Reports, and Spreadsheets Bates-Labeled Safeway001549-001614** [#119] filed June 2, 2015, is denied without prejudice.

Dated November 20, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] I specifically discourage the filing of such motions in my Practice Standards.  *See* REB Civ. Practice Standard IV.E.1.